UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ICC CHEMICAL CORPORATION,

                Plaintiff,

-against-

PAKISTAN STATE OIL COMPANY LIMITED,

                Defendant

11 Civ.

**VERIFIED COMPLAINT**

The Plaintiff, ICC Chemical Corporation ("the Plaintiff"), by its attorneys, Wanchoo Law Offices, LLP., as for its Verified Complaint against the Defendant, Pakistan State Oil Company, Ltd. ("the Defendant"), alleges, upon information and belief as follows:

### JURISDICTION AND VENUE

1. The Court's subject mater jurisdiction is conferred under this Court's Diversity Jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds the sum or value of $75,000.00, and is between citizens of different foreign states.

2. Venue is proper in this judicial district under 28 U.S.C. §1391(c).

### THE PARTIES

3. The Plaintiff is a Corporation duly authorized to conduct business, and located, in the City and State of New York, in the business of trading and distributing chemicals, plastics, and pharmaceuticals throughout the Americas, Europe, Asia, the Middle East, and Africa.

The Defendant is, upon information and belief, a foreign company located in Pakistan, in the business of supplying fuel to aviation, railways, power projects, armed forces, and the agriculture sector..

## FACTS AND CLAIM

4. On or about October 14, 2011, the Defendant placed an order with the Plaintiff for 2000 MT each of Base Oil Group II, N-150 and N-500 (hereinafter referred to as "Base Oil").

5. The Base Oil was to be loaded at Taiwan in November 2011, and be delivered in Karachi, Pakistan.

6. Pursuant to the order, the Defendant was to produce an irrevocable Letter of Credit ("LoC") to the Plaintiff payable at Habib American Bank in New York.

7. A LoC from the Defendant was issued on October 26, 2011, in which it was provided that the Base Oil would be loaded at Taiwan on or about November 15, 2011.

8. There were numerous changes that needed to be made to the terms of the LoC.

9. On October 26, 2011, the Plaintiff made and discussed these changes with the Defendant, which agreed that an amended LoC would be issued forthwith.

10. Because time-was-of-the-essence and a vessel needed to be secured, the Plaintiff signed a charter party on October 28, 2011 for the vessel "Liquid

Platinum," which was to arrive in port on or about November 11, 2011, for loading.

11. The Plaintiff also ordered the Base Oil from its supplier that was to be shipped to the Defendant.

12. The Defendant was aware that the vessel could not leave port without the amended LoC.

13. The Defendant's order was reconfirmed by an email from the Defendant dated November 12, 2011, and in the stead the Plaintiff was assured that the amended LoC was forthcoming.

14. In spite of repeated reminders and assurances that the LoC amendments would be made, the Defendant never made them and never produced the LoC.

15. As a result, the Plaintiff was forced to cancel the vessel charter and temporarily breach its contract with its supplier in Asia.

16. The dead freight and detention charges of the vessel were $350,000; and the vessel owner threatened legal action against the Plaintiff.

17. In addition, due to its breach of contract with its supplier, the Plaintiff faces a potential liability of $1.4 million due to storage charges, financing, and potential loss if the Base Oil was sold in the market as a distress sale.

18. On or about November 29, 2011, the Plaintiff demanded that the Defendant confirm latest by December 1, 2011 that the LoC will be made workable and extended for shipment through and including December 31, 2011.

19. The Defendant failed to respond to the above demand.

## CAUSE OF ACTION

## BREACH OF CONTRACT

20. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-19.

21. The parties reached an agreement whereby the Plaintiff would supply, and the Defendant would purchase, Base Oil.

22. Pursuant to the agreement, the Defendant was to supply an amended and workable Letter of Credit as payment and consideration for the Base Oil.

23. In accord with the agreement, the Plaintiff chartered a vessel and incurred costs associated with readying the Base Oil for delivery to the Defendant.

24. In breach of its obligations under the agreement, the Defendant failed to provide an amended and workable Letter of Credit.

25. As a result of the Defendant's breach, the Plaintiff suffered damages in an amount no less than $350,000.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing Defendant to appear and answer under oath all the matters alleged in the Verified Complaint;

B. That judgment may be entered in favor of the Plaintiff on its Cause of Action in an amount to be determined by the Court;

C. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing any judgments that may be obtained; and

D. That the Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, New York
December 7, 2011

WANCHOO LAW OFFICES, LLP
Attorneys for Plaintiff
ICC CHEMICAL CORPORATION

By: *Rahul Wanchoo*
Rahul Wanchoo (RW-8725)

## VERIFICATION

STATE OF NEW YORK)
                                    ss.
COUNTY OF NEW YORK   )

I, Naveen Chandra, being duly sworn, deposes and says:

I am the President of ICC Chemical Corporation; that I am authorized by said company to make this verification in its behalf; and that I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

_____
Naveen Chandra

Sworn to and subscribed to
before me this     day of December, 2011.


_____
Notary Public

LINDA M. GREEN
Notary Public, State of New York
No. GR4836230
Qualified in Kings County
Certificate Filed in New York County
Commission Expires April 30, 2015